# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| R. Alexander Acosta, *Secretary of Labor, U.S. Department of Labor*,<br><br>Plaintiff,<br><br>v.<br><br>Reliance Trust Company; Steven R. Carlsen; Paul A. Lillyblad; Kelli Watson; and Kurt Manufacturing Company, Inc., Employee Stock Ownership Plan,<br><br>Defendants. | Case No. 17-cv-4540 (SRN/ECW)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Barbara A. Goldberg, Martha Frydl, and Ruben R. Chapa, United States Department of Labor, Office of the Solicitor, 230 South Dearborn Street, Suite 844, Chicago, Illinois 60604, for Plaintiff.

Bradley R. Armstrong and Terese A. West, Moss & Barnett PA, 150 South Fifth Street, Suite 1200, Minneapolis, Minnesota 55402, and Pierce G. Hand IV and William Bard Brockman, Bryan Cave Leighton Paisner LLP, 1201 West Peachtree Street, Fourteenth Floor, Atlanta, Georgia 30309, for Defendant Reliance Trust Company.

Alan I. Silver, Brittany B. Skemp, Casey D. Marshall, and Jonathan P. Norrie, Bassford Remele PA, 100 South Fifth Street, Suite 1500, Minneapolis, Minnesota 55402, for Defendants Steven R. Carlsen, Paul A. Lillblad, Kelli Watson, and Kurt Manufacturing Company, Inc., Employee Stock Ownership Plan.

SUSAN RICHARD NELSON, United States District Judge

This case centers around an October 2011 stock purchase transaction, in which Defendants allegedly violated the Employee Retirement Security Act ("ERISA") by causing the Kurt Manufacturing Company's Employee Stock Ownership Plan ("ESOP") to substantially overpay for a majority stake in the company's stock. (*See generally* Am.

Compl. [Doc. No. 46].) More specifically, Plaintiff Department of Labor ("DOL") accuses Defendants of breaching their fiduciary duties to the ESOP, and of causing the ESOP to enter into a prohibited transaction with then-majority stakeholder William Kuban ("Kuban"). (*Id.* ¶¶ 80-90.) The DOL did not name Kuban's Estate in the complaint.[1] The question before the Court is whether Kuban's Estate (hereinafter "Kuban") must be joined to this action as a "necessary party" under Fed. R. Civ. P. 19(a), or under Fed. R. Civ. P. 21.

The parties submitted full briefing on this issue. (*See* Def.'s Br. in Support of Mot. [Doc. No. 63] ("Def.'s Br."); Pl.'s Br. in Opp. to Mot. [Doc. No. 67] ("Pl.'s Opp. Br."); Def.'s Reply Br. [Doc. No. 69].)[2] Moreover, after the Court heard oral argument on October 3, 2018, the parties submitted supplemental briefing. (*See* Def.'s Supp. Br. [Doc. No. 73]; Pl.'s Supp. Br. [Doc. No. 77].)

For the following reasons, Defendant Reliance Trust Company's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7), or alternatively to add a party under Rule 21, is denied.

---

[1] Kuban died in April 2012. The Probate Court, in turn, named his daughter, Gretchen Kuban Ross, as the personal representative of his Estate. *See In re the Estate of William G. Kuban, Deceased*, Case No. 27-PA-PR-12-489 (Fourth Judicial District Court, Hennepin County).

[2] Defendant Reliance Trust Company filed the at-issue motion and supporting memoranda. Defendants Carlsen, Lillibad, and Watson (the "Director Defendants"), who are represented by separate counsel, filed a short brief indicating that they "take no position on the motion." (*See* Doc. No. 68.)

I.   **LEGAL STANDRD**

Fed. R. Civ. P. 19(a)(1)(B)(i) provides that, "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined if," "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may, as a practical matter, impair or impede the person's ability to protect the interest."

Thus, as an initial matter, the rule "requires that [an absent person] not only have an interest related to the subject of the action, but that person must affirmatively claim an interest." *Am. Ins. Co. v. St. Jude Med., Inc.*, 597 F. Supp. 2d 973, 978 (D. Minn. 2009). Although absent parties are generally "not required to formally claim an interest in [the litigation]," courts in this District have been "disinclined to force" aware, but nonetheless absent, parties to participate in litigation by way of Rule 19. *St. Paul Mercury Ins. Co. v. Order of St. Benedict, Inc.*, No. 15-cv-2517 (DSD/KMM), 2017 WL 780572, at *2 n.5 (D. Minn. Feb. 28, 2017).

Moreover, "the mere fact the underlying litigation will affect or otherwise impact a non-party's interests," such as the absent party's involvement in a related "contribution or indemnification" agreement, "does not mean the non-party is indispensable." *EEOC v. Cummins Power Generation, Inc.*, 313 F.R.D. 93, 102 (D. Minn. 2015). Rather, "'necessary parties under Rule 19(a) are only those parties whose ability to protect their interests would be impaired *because of* that party's absence from the litigation.'" *Id.* (quoting *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006)). Courts in this Circuit have repeatedly held that an absent party's interest in

litigation is not "impair[ed] or imped[ed]" "because of that party's absence from the litigation" if an existing party "has the same interest in establishing the facts that [the absent party] does." *Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1429 (8th Cir. 1994); *accord St. Paul Mercury Ins. Co.*, 2017 WL 780572, at *2; *Guggenberger v. Minnesota*, 198 F. Supp. 3d 973, 1035 (D. Minn. 2016); *Cummins*, 313 F.R.D. at 102; *St. Jude Med., Inc.*, 597 F. Supp. 2d at 978.

Fed. R. Civ. P. 21 provides that, "[o]n motion or on its own, [a] court may at any time, on just terms, add . . . a party." This Rule exists "to obviate the harsh common law adherence to technical rules of joinder." *Hallady v. Verschoor*, 381 F.2d 100, 108 (8th Cir. 1967). As such, the Rule affords "the trial court a broad discretion in the matter of dropping or adding parties." *Lohman v. General Am. Life Ins. Co.*, 478 F.2d 719, 728 (8th Cir. 1973). However, courts in this Circuit seldom apply Rule 21 in the context of adding non-party defendants, and, as best this Court can tell, the Rule operates in parallel to the Rule 19(a) standard outlined above. *See, e.g.*, *Teamsters Local Union No. 116 v. Fargo-Moorhead Auto. Dealers Ass'n*, 620 F.2d 204, 205-06 (8th Cir. 1980).

## II.     ANALYSIS

Here, Reliance argues that Kuban is a required party under Rule 19(a)(1)(B)(i). In support of this argument, Reliance primarily relies on an October 2011 "Limitation Agreement" between Reliance (acting as Trustee of the ESOP), Kuban, and the Kurt Manufacturing Company, in which Kuban (the "Seller" of stock) agreed to "reduce" "the purchase price of the ESOP Stock" "in the event that there is a final determination (from which no appeal is taken) by the Internal Revenue Service, Department of Labor, or a

4

court of competent jurisdiction that the purchase price of the ESOP Stock from the Seller [Kuban] was for more than 'adequate consideration.'" (Brockman Declaration [Doc. No. 34], Ex. A ("Limitation Agreement") § 3.1(d).) In Reliance's view, this agreement "automatically" obligates Kuban "to reimburse the ESOP" if this Court finds in favor of the DOL here. (Def.'s Br. at 9-10.) Accordingly, Reliance argues, because "whether the ESOP overpaid for [Kuban's] shares" is "the core issue" in both this case and the Limitation Agreement, and because Kuban supposedly "has no ability to protect that interest if this case proceeds in [his] absence," Kuban must be joined under either Fed. R. Civ. P. 19(a)(1)(B)(i) or Fed. R. Civ. P. 21. (*Id*. at 9.) Reliance also contends that the DOL may state an ERISA claim against Kuban for "enforcement of an equitable lien by agreement created through the reimbursement obligation in the Limitation Agreement." (Def.'s Supp. Br. at 6 (citing 29 U.S.C. § 1132(a)(5) (authorizing the DOL "to obtain other appropriate equitable relief to redress [a] violation" of ERISA)).)

For its part, the DOL argues that Kuban does not have a "claimed interest" in this case because, "[w]hile the Kuban Estate may have a financial interest in this litigation" through what is effectively an indemnification agreement between Kuban and the ESOP, "the Kuban Estate is aware of this litigation and has not moved to participate." (Pl.'s Br. at 6; *see also* Brockman Dec. ¶ 5 (noting that Reliance's counsel informed Kuban's daughter, *i.e.*, the personal representative of Kuban's Estate, of this litigation in July of 2017).) Moreover, the DOL contends, because Kuban's "liability, if any, under the Limitation Agreement stems directly from Reliance's ERISA violations, Reliance has the

5

same interest as the Kuban Estate in establishing facts on the issue of overpayment." (*Id*. at 5-6.)

What is more, the DOL argues, because the Department is not a party to the Limitation Agreement, it cannot enforce "the equitable lien" in the Limitation Agreement through an ERISA cause of action. (*See* Pl.'s Supp. Br. at 5.) Of course, the DOL adds, "[t]he Secretary's inability to enforce the ESOP's contract does not preclude the parties to the Limitation Agreement themselves from pursuing relief under its terms, nor is Reliance precluded from filing a Third Party Complaint against the [Kuban Estate]." (*Id*.) However, "[w]hat is precluded under Fed. R. Civ. P. 19(a) [and Fed. R. Civ. P. 21]," the DOL asserts, "is Reliance's attempt to use a possible ESOP asset as a basis for requiring the Secretary to join [Kuban] as a defendant in his litigation." (*Id*.)

The Court agrees with the DOL. With respect to Fed. R. Civ. P. 19(a)(1)(B)(i), the Court finds it noteworthy that Kuban's Estate has been aware of this litigation (and its possible interest in its outcome) for over a year, but in no way has attempted to "affirmatively claim" that interest. *St. Jude Med., Inc.*, 597 F. Supp. 2d at 978. Indeed, the Court finds it odd that Reliance is the party to argue so strongly for Kuban's inclusion in this case when the Limitation Agreement makes clear that Reliance is not harmed by Kuban's absence. That is, if the Court determines that the ESOP overpaid for Kuban's stock, the ESOP (and potentially Reliance, as a signatory to the agreement) may have a contractual claim against Kuban, not the other way around. *Compare with* Fed. R. Civ. P. 19(a)(1)(B)(ii) (allowing a court to join an absent party if "disposing of the action in the

person's absence may leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest").

More importantly, though, even if Kuban has a "claimed interest" in the outcome of this case by virtue of the Limitation Agreement, Kuban's absence will not "impair[]" or "impede[]" that interest because Reliance's and Kuban's interests in this matter are virtually identical. Kuban faces no liability under the Limitation Agreement if this Court finds that the ESOP paid "adequate consideration" for Kuban's stock. (Limitation Agreement § 3.1(d).) Similarly, Reliance faces no ERISA liability on Count II of the Complaint if this Court finds that the ESOP paid "adequate consideration" for Kuban's stock. (*See* Def.'s Supp. Br. at 4.) Indeed, in its supplemental brief, Reliance stated that, although it "has yet to answer" the DOL's complaint, "it will assert that the 2012 transaction at issue qualifies for the [defense] in ERISA § 408(e), 29 U.S.C. § 1108(e), which requires that the sale be for 'adequate consideration.'" (*Id*.) As such, because Reliance is represented by able counsel, and "has considerable incentive to defend against the [DOL's] claims in a way which protects any interest [Kuban] might have," Kuban's interest in proving that the 2011 stock transaction was for "adequate consideration" is not impeded by his absence. *Cummins*, 313 F.R.D. at 102.

All told, on these facts, the Court is "disinclined to force" Kuban's Estate to hire counsel and join this litigation, whether under Rule 19 or Rule 21. *St. Paul Mercury Ins. Co.*, 2017 WL 780572, at *2 n.5. This is especially so because it is not at all clear what ERISA cause of action, if any, the DOL could assert against Kuban.

7

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Reliance Trust Company's Renewed Motion to Dimiss Pursuant to Rule 12(b)(7), or, alternatively, to add a party under Rule 21 [Doc. No. 61] is **DENIED**.

Dated: January 7, 2019

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge