# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, U.S. Department of Labor, | Civil No. 17-CV-04540 (SRN/ECW) |
| Plaintiff, | |
| vs. | |
| RELIANCE TRUST COMPANY, STEVEN R. CARLSEN, PAUL A. LILLYBLAD, KELLI WATSON, and KURT MANUFACTURING COMPANY, INC., EMPLOYEE STOCK OWNERSHIP PLAN, | |
| Defendants. | |

## CONSENT ORDER AND JUDGMENT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, et seq., filed a complaint against defendants Reliance Trust Company ("Reliance") and Steven R. Carlsen, Paul A. Lillyblad, and Kelli Watson (the "Defendant Directors") alleging breaches of their fiduciary responsibilities under ERISA §§ 404, 406, and 410, with respect to the Kurt Manufacturing Company, Inc. ("Kurt") Employee Stock Ownership Plan and Trust ("ESOP"). (Reliance and the Defendant Directors are hereinafter collectively referred to as the "Defendants." The Secretary, the Defendants, and the ESOP are hereinafter collectively referred to as the "Parties.")

The Defendants each filed an answer denying that they breached their fiduciary responsibilities under ERISA or with respect to the ESOP. The Defendants and the ESOP have waived service of process and admit to the jurisdiction of this Court over them and the subject matter of this action. This Consent Order and Judgment does not constitute either an admission or a denial of the remaining allegations in the Secretary's Complaint.

The Secretary, the Defendants and the ESOP have agreed to resolve all matters in controversy in this action, and the Parties consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the Parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED, ADJUDICATED, AND DECREED that:

1. Within thirty days of the Court's entry of this Consent Order and Judgment, Reliance shall pay, or cause its insurers to pay, to the ESOP $8,409,090.91 (the "Reliance Settlement Amount"). This sum shall be remitted to the ESOP by forwarding it to GreatBanc Trust Company ("GreatBanc"), the trustee for the ESOP.

2. Within thirty days of the Court's entry of this Consent Order and Judgment, the Defendant Directors shall pay, or cause their insurers to pay, to the ESOP $984,042.44 (the "Defendant Directors' Settlement Amount"). This sum shall be remitted to the ESOP by forwarding it to GreatBanc Trust Company ("GreatBanc"), the trustee for the ESOP.

3. Reliance shall provide the Secretary with satisfactory proof of the payment of the Reliance Settlement Amount, and the Defendant Directors shall provide the Secretary with satisfactory proof of the payment of the Defendant Directors' Settlement

Amount, each by submitting documentation to the EBSA Regional Director within seven days of paying or causing their insurers to pay the respective amounts.

4. The Reliance Settlement Amount and the Defendant Directors' Settlement Amount shall be credited to the ESOP's trust account on a pro rata basis solely to those ESOP participants who have (1) Kurt company shares allocated to account balances in the ESOP as of October 5, 2011, and/or (2) Kurt company shares allocated to their ESOP participants' account balances from October 5, 2011, to the date this Consent Order and Judgment is approved by the Court, excluding the Defendant Directors as identified in paragraph 13 below. The Reliance Settlement Amount and the Defendant Directors' Settlement Amount shall not be used for any other purpose, including servicing the debt owed by the ESOP or for indemnification purposes. For the avoidance of doubt, the Defendants are not responsible for the allocation or use of the amounts to be paid under the terms of this Consent Order and Judgment. The process to be followed for implementing the provisions of this paragraph are outlined in Attachment A to this Order and shall be treated as part of this Order.

5. The Reliance Settlement Amount and the Defendant Directors' Settlement Amount shall not be used to pay any loans including those relating to the Transaction.

6. Reliance represents that neither the ESOP nor Kurt has advanced to it payments for any fees or expenses that it has incurred in the defense of this action or any investigation related to this action.

7. The Defendants shall not seek or accept reimbursement from the ESOP or from Kurt for any fees or expense incurred in the defense of this action or any related investigation.

8. The Defendant Directors shall not participate in the Stock Appreciation Rights ("SARs") plan, which was previously awarded to the Defendant Directors. The SARs are currently valued at $254,299.21 based on the $40.88 per share value of Kurt stock as determined by Chartwell as of October 31, 2020.

9. The Defendant Directors shall not receive any future contributions from Kurt to the Supplemental Executive Retirement Plan ("SERP") as of July 1, 2021.

10. Within 30 days of the entry of this Judgment, the Defendant Directors shall cause Kurt to rescind, and shall accept and agree to the rescission of, the "Employment and Non-Competition Agreements" which were effective as of October 5, 2011. As a result, the Defendant Directors shall not receive any compensation after terminating employment with Kurt (the "Termination Severance"), which is valued at, at least, $921,234.03

11. If there are any other claims brought against the Defendant Directors by participants of the ESOP (not including Gretchen Rode and William Kuban and their beneficiaries) not relating to the Transaction, they maintain the right to seek contribution or indemnification for those private actions in accordance with the ESOP's governing documents, state law, and ERISA.

12. Within thirty days of the Court's entry of the Consent Order and Judgment, the Defendant Directors shall repay the ESOP or Kurt any funds advanced for any fees or expenses that the Defendant Directors have incurred in the defense of this action or any

investigation related to this action. The Defendant Directors shall provide the Secretary with satisfactory proof of the payment by submitting documentation to the EBSA Regional Director at 2300 Main Street, Suite 1100, Kansas City, MO 64108 within seven days of making such payment.

13. Each of the Defendant Directors agree that they will not receive any increase in the value of their ESOP accounts resulting from (a) the Defendant Directors' Settlement Amount or the Reliance Settlement Amount or (b) the agreements made pursuant to paragraphs 1 through 10 of this Consent Order and Judgment.

14. Defendant Carlsen has agreed to be and hereby is permanently enjoined from serving or acting as a fiduciary or service provider with respect to employee benefit plans subject to ERISA.

15. Defendants Watson and Lillyblad have agreed to be and hereby are permanently enjoined from serving or acting as a fiduciary or service provider with respect to the ESOP.

16. Within sixty days of the entry of this Consent Order and Judgment, the Defendant Directors shall move the Kurt Board of Directors to vote, and the Defendant Directors shall vote, to direct GreatBanc to replace Chartwell Business Valuation with an independent valuation firm (excluding Stout Risius Ross) chosen by GreatBanc. The Defendant Directors shall provide the Secretary with satisfactory proof of this vote by submitting documentation to the EBSA Regional Director within seven days of the vote.

17. Within ninety days of the entry of this Consent Order and Judgment, the Defendant Directors shall either:

      a.      Increase the number of the Kurt Board of Directors from six to seven and obtain a waiver or amendment to the Investor Rights Agreement from the Kuban estate relinquishing its right to select the seventh board member pursuant to the Investor Rights Agreement in order to allow GreatBanc to add one additional outside board member not related to any of the Defendant Directors; or

      b.      Either Defendant Watson or Defendant Lillyblad shall resign from the Kurt Board of Directors to allow GreatBanc to add one additional outside board member not related to any of the Defendant Directors to the Kurt Board of Directors.

18.      The Defendant Directors are hereby barred from voting on their own compensation and the compensation of other Defendant Directors, and shall be barred from directing GreatBanc how to vote the stock held by the ESOP on any of the following matters (with the exclusion of the direction in paragraph 17 above):

      a.      How to vote the ESOP's shares of stock;

      b.      Whom to select as members of the Kurt Board of Directors; and

      c.      Whom to select as the ESOP's independent valuation firm.

19.      Upon payment of the Reliance Settlement Amount described in paragraph 1 above, Reliance shall be assessed a penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*). For purposes of calculating the penalty, the Secretary and Reliance agree the "applicable recovery amount" is $8,409,090.91, the Reliance Settlement Amount described in paragraph 1 above. The Secretary has agreed to compromise the assessed civil penalty by 50%, and said penalty amount to be paid by Reliance shall be $840,909.09.

a. Reliance waives its right to a separate notice of assessment of the penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), and the notice of assessment and service requirement of 29 C.F.R. § 2570.83.

b. Reliance agrees to pay $840,909.09 pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), within 30 days of its payment of the Reliance Settlement Amount to the ESOP pursuant to paragraph 1 of this Consent Order and Judgment unless Reliance requests a waiver pursuant to ERISA § 502(*l*)(2)(A).

c. Reliance shall have the right to request a waiver of the ERISA § 502(*l*) penalty in its entirety in accordance with ERISA § 502(*l*)(3) and, if it requests such a waiver, shall comply with the requirements of 29 C.F.R. § 2570.85 in requesting its waiver. Reliance agrees to waive any other defenses or appeals if its waiver is denied or if it fails to seek said waiver within the time set forth in this paragraph. This document or a copy thereof can be used as evidence of its waiver of further defenses or appeals pursuant to ERISA § 502(*l*).

d. The Secretary shall notify Reliance within 90 days of receiving the information identified in paragraph 19(c) of his decision to grant or deny a waiver (in full or part). If the Secretary grants Reliance a waiver, but only agrees to reduce the originally assessed ERISA § 502(*l*) penalty identified in paragraph 19 above, the Secretary shall accept the reduced amount as full satisfaction of the total assessed penalty identified in paragraph 19 above. Reliance shall pay the reduced ERISA § 502(*l*) penalty under this paragraph within 30 days of the Secretary's determination.

e. If the Secretary denies Reliance's petition for a waiver in its entirety, Reliance shall pay the full ERISA § 502(*l*) penalty identified in paragraph 19 above within 30 days of the Secretary's determination identified in paragraph 19(d) above, by sending payment to U.S. Department of Labor, ERISA Civil Penalty, P.O. Box 71360, Philadelphia, PA 19176-1360. The payment referenced in this paragraph shall be made payable to the United States Department of Labor, will reference EBSA Case No. 60-107230(48), and shall be sent to the address in paragraph 21(a) below. If Reliance wishes to remit a check by commercial express courier, it agrees to contact Soroosh Nikouei at the United States Department of Labor (Niknouei.Soroosh@dol.gov or 202-693¬8486) and follow his instructions.

20. Reliance represents that it is not currently acting as a discretionary trustee for any employee stock ownership plan in connection with a transaction involving the purchase or sale of employer securities that are not publicly traded. Reliance further represents with respect to such matters for which it may in the future act as such a discretionary trustee, it reaffirms its agreement to follow the process described in "Agreement Concerning Fiduciary Engagements and Process Requirements for Employer Stock Transactions" contained in Exhibit A to the settlement agreement resolving *R. Alexander Acosta, United States Secretary of Labor v. Reliance Trust Company, et al.*, Civil Action No. 1:19-cv-02725 in the U.S. District Court for the Northern District of Illinois, Eastern Division ("Process Agreement").

21. Upon payment of the Defendant Directors' Settlement Amount described in paragraph 2, as well as the agreements contained in paragraphs 8 through 10 above, the

Secretary has determined the Defendant Directors shall be and hereby are assessed a total penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), of $431,915.12. For purposes of calculating the penalty, the Secretary and the Defendant Directors agree the "applicable recovery amount" is $2,159,575.68. The Secretary has agreed to compromise and reduce the amount of the penalty to $215,957.56. Therefore, the Secretary hereby does and will accept as full satisfaction of the assessed penalty the amount of $215,957.56. The Defendant Directors waive their right to a separate notice of assessment of the penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), the notice of assessment and service requirement of 29 C.F.R. § 2570.83, and their right to seek any further reductions of or relief from the penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*). The Defendant Directors shall pay, or cause their insurers to pay, the penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), within thirty calendar days of payment of the Defendant Directors' Settlement Amount described in paragraph 2 above, as follows:

    a.    The Defendant Directors or their insurer shall send payment to:

U.S. Department of Labor
ERISA Civil Penalty
P.O. Box 71360
Philadelphia, PA 19176-1360

    b.    The payment referenced in this paragraph shall be made payable to the United States Department of Labor and will reference EBSA Case No. 60-107230(48). If the Defendant Directors wish to remit a check by commercial express courier, they agree to contact Soroosh Nikouei at the United States Department of Labor (Niknouei.Soroosh@dol.gov or 202-693-8486) and follow his instructions.

22. Each party agrees to bear his, her or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

23. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

24. This Consent Order and Judgment represents a complete settlement and release with prejudice of all the Secretary's claims asserted in this action against the Defendants, with the exception of any potential civil money penalties assessed under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), which are being assessed and collected separately pursuant to the terms set forth above in paragraphs 19 and 21 of this Consent Order and Judgment. Upon payment of the civil money penalties described in this Consent Order and Judgment, the Secretary's claims relating to payment of such penalties shall also be settled and released.

25. This Consent Order and Judgment shall not be binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and the Defendants.

Dated:  January 5, 2022           s/Susan Richard Nelson
                                                              SUSAN RICHARD NELSON
                                                              United States District Judge

The parties hereby consent to the entry of this Consent Order and Judgment:

**THE SECRETARY OF LABOR:**

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

Dated:  January 3, 2022

By /s Kevin Wilemon
Kevin M. Wilemon, Attorney
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street
Eighth Floor
Chicago, IL  60604

**RELIANCE TRUST COMPANY**

  /s Charles R. Curley, Jr.

Dated:  January 3, 2022

By: Charles R. Curley, Jr.

Title: Secretary

**COUNSEL FOR RELIANCE TRUST COMPANY**

Dated:  January 3, 2022

By /s W. Bard Brockman
W. Bard Brockman (GA #084230)
Brian Cave Leighton Paisner, LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
Telephone:  (404) 572-6600
Facsimile:   (404) 572-6999
Email:  bard.brockman@bclplaw.com

**THE DEFENDANT DIRECTORS**

Dated:  December 29, 2021                /s Paul A. Lillyblad
                                         Paul A. Lillyblad

Dated:  December 29, 2021                /s Steven R. Carlsen
                                         Steven R. Carlsen

Dated:  December 29, 2021                /s Kelli Watson
                                         Kelli Watson


**COUNSEL FOR THE DEFENDANT DIRECTORS**

Dated:  December 29, 2021                By /s Jonathan P. Norrie
                                         Alan I. Silver (MN #101023)
                                         Jonathan P. Norrie (MN #347309)
                                         Maria P. Brekke (MN #399946)
                                         Bassford Remele, A Professional Association
                                         100 South 5th Street, Suite 1500
                                         Minneapolis, Minnesota  55402-1254
                                         Telephone:  (612) 333-3000
                                         Facsimile:  (612) 333-8829
                                         Email:  asilver@bassford.com
                                                 jnorrie@bassford.com
                                                 mbrekke@bassford.com

|  |  |
|---|---|
|  | **GREATBANC TRUST COMPANY, IN ITS CAPACITY AS TRUSTEE OF THE KURT MANUFACTURING, INC. EMPLOYEE STOCK OWNERSHIP PLAN** |
| Dated: December 28, 2021 | |
|  | _____ |
|  | By: /s Julie Govreau |
|  | Julie Govreau |
|  | Senior Vice President & General Counsel |
|  | GreatBanc Trust Company |
|  | 801 Warrenville Rd., #500 |
|  | Lisle, IL  60532 |
|  | Email:  jgovreau@greatbanctrust.com |

[This space is intentionally left blank.]

## **ATTACHMENT A**

The formula for allocation of the net settlement proceeds shall be as follows:

$$G \div (R + E + D) \times A = T$$

Where:
G = The amount of a participant's allocated shares plus any shares diversified by the participant, or the amount of a departed (who has received a complete distribution of their ESOP benefit) participant's distributed shares plus any shares diversified by the departed participant prior to a complete distribution
R = Total shares distributed to departed and retired employees
E = Currently allocated shares
A = Settlement amount
D = Total shares diversified (pursuant to section 8.5 "ESOP Diversification Elections" of the ESOP plan document) by participants from October 5, 2011, to present
T = Cash money paid from the settlement to a departed or current participant

Kurt, as plan sponsor of the ESOP, shall be responsible for taking appropriate actions to locate each such participant or beneficiary of the ESOP entitled to an allocation of the Reliance Settlement Amount or the Defendant Directors' Settlement Amount. Appropriate actions include complying with the guidance in EBSA Missing Participants – Best Practices for Pension Plans (Jan. 12, 2021) available at https://www.dol.gov/agencies/ebsa/employers-and-advisers/plan-administration-and-compliance/retirement/missing-participants-guidance/best-practices-for-pension-plans.
Funds of a participant who cannot be located after following said Best Practices shall be placed in an individual account in the missing participant's name in the ESOP's trust account, unless their account balance is less than $1,000, in which case their funds may be transferred to either (A) an interest-bearing federally insured bank or savings association account in the name of the participant, or (B) the unclaimed property fund of the State in which the participant's or beneficiary's last known address is located. In the event that the ESOP is terminated or there is a required distribution and the missing participant has still not been located, in accordance with 29 C.F.R. § 2550.404a-3 the missing participant's funds shall be rolled over to an individual retirement account or annuity ("IRA") in the name of the missing participant, unless their account balance is less than $1,000, in which case their funds may be transferred to either (A) an interest-bearing federally insured bank or savings association account in the name of the participant, or (B) the unclaimed property fund of the State in which the participant's or beneficiary's last known address is located.